**AKERMAN LLP**
Karen Palladino Ciccone (SBN 143432)
Hugh J. Turner, Jr. (*admitted pro hac vice*)
Enjoliqué Dion Aytch (*admitted pro hac vice*)
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017
Telephone: 213.688.9500
Facsimile: 213.627.6342

Attorneys for Defendants Atrium Medical Corporation, Getinge AB (improperly named in the Complaint as Getinge Group), Getinge USA, Inc., Maquet Cardiovascular, LLC

**KELLER, FISHBACK & JACKSON LLP**
Daniel L. Keller (SBN 191738)
Dan C. Bolton (SBN 104236)
Farid Zakaria (SBN 280283)
28720 Canwood Street, Suite 200
Agoura Hills, California 91301
Telephone: 818.342.7442
Facsimile: 818.342.7616

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBYN BLASCO,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ATRIUM MEDICAL CORPORATION, GETINGE GROUP, GETINGE USA, INC., MAQUET CARDIOVASCULAR, LLC, AND DOES 1-20,<br><br>　　　　　Defendants. | Case No. 3:15-cv-02468-WHA<br><br>*Honorable William H. Alsup*<br><br>**JOINT STIPULATION EXTENDING TIME TO COMPLETE MEDIATION**<br><br>N.D. ADR Local Rule 6-5<br><br>Complaint Filed: June 22, 2014<br>SAC Filed: May 12, 2015<br><br>Case Removed: June 3, 2015 |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff Robyn Blasco and Defendants Atrium Medical Corporation, Maquet Cardiovascular, LLC, Getinge USA, Inc., and Getinge AB (improperly named in the Complaint as Getinge Group) (collectively, Defendants), through their respective counsel of record, jointly stipulate, pursuant to ADR L.R. 6-5, to extend the time by which the parties must conduct mediation. The parties enter into this stipulation based on the following facts and representations.

1. On September 28, 2015, the Case Management Order and Reference to ADR Unit for Mediation was entered in this case. Pursuant to ADR L.R. 6-4, the mediation in this matter must be held on or before December 23, 2015.

2. On October 28, 2015, the parties participated in the pre-mediation conference call with court-appointed mediator, Eric Danoff, at which the difficulty of conducting a meaningful mediation by the December 23, 2015 deadline was discussed.

3. In this medical products liability action, the Plaintiff's medical records are necessary and germane to determining whether liability may exist and assessing the value of the case. Due to the external time frame involved in receiving medical authorizations, submitting the requests to Plaintiff's numerous medical providers, following up with the medical providers to receive Plaintiff's medical records, and having the medical records evaluated in preparation for the mediation, a December 23, 2015 deadline is impracticable. It typically can be up to 30 days to receive a response and/or medical records from the providers.

4. Without the benefit of Plaintiff's medical records to assess the value of the case to both parties, the likelihood of success at the mediation is significantly lessened. Thus, a relatively brief extension of time in which to mediate would enhance the mediation experience.

5. This stipulation represents the first extension of time to mediate, and will not prejudice either party.

6. Good cause exists to extend the mediation deadline because the extension will permit the parties to engage in a meaningful mediation.

7. The parties have agreed to selected mediation dates up through and including January 26, 2016.

8. Based on the following representations, the parties jointly stipulate to extend the time by which the parties must conduct mediation to January 26, 2016.

DATED:  November 4, 2015          **AKERMAN LLP**


By: *:__/s/ Karen P. Ciccone__*
Karen Palladino Ciccone
Hugh J. Turner Jr. (*admitted pro hac vice*)
Enjoliqué D. Aytch (*admitted pro hac vice*)
Attorneys for Defendants Atrium Medical Corporation, Getinge AB (improperly named in the Complaint as Getinge Group), Getinge USA, Inc., Maquet Cardiovascular, LLC

DATED: November 4, 2015          **KELLER, FISHBACK & JACKSON LLP**


By:___/s/  Dan C. Bolton_____
Dan C. Bolton
Attorneys for Plaintiff

{36539040;1}                                    3                      Case No. 3:15-CV-02468- WHA
**JOINT STIPULATION EXTENDING TIME TO COMPLETE MEDIATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBYN BLASCO,<br><br>              Plaintiff,<br><br>       vs.<br><br>ATRIUM MEDICAL CORPORATION, GETINGE GROUP, GETINGE USA, INC., MAQUET CARDIOVASCULAR, LLC, AND DOES 1-20,<br><br>              Defendants. | Case No.  3:15-cv-02468-WHA<br><br>*Honorable William H. Alsup*<br><br>[~~PROPOSED~~] ORDER<br><br>N.D. ADR Local Rule 6-5<br><br>Complaint Filed:  June 22, 2014<br>SAC Filed: May 12, 2015<br><br>Case Removed: June 3, 2015 |

This matter is before the Court on the Joint Stipulation Extending Time to Complete Mediation filed by Plaintiff Robyn Blasco and Defendants Atrium Medical Corporation, Maquet Cardiovascular, LLC, Getinge USA, Inc., and Getinge AB (improperly named in the Complaint as Getinge Group).

/ / /

/ / /

1   Having read and considered the papers filed in this action and in connection with the Joint
2   Stipulation Extending Time to Complete Mediation, and good cause appearing, the Court hereby
3   orders as follows:

4   1.   The parties' Joint Stipulation Extending Time to Complete Mediation is **GRANTED**.

5   2.   The parties shall have through and including January 26, 2016 to conduct mediation
6   in this matter.

7   **IT IS SO ORDERED.**

Dated: November  9 , 2015

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE